Argued and submitted July 24, reversed and remanded with instructions
September 9, 1987

In the Matter of the Compensation of
Annetta R. McKinstry, Claimant.

McKINSTRY,
*Petitioner,*

*v.*

INDUSTRIAL INDEMNITY et al,
*Respondents.*

(WCB 85-09657; CA A42515)

742 P2d 671

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Patric J. Doherty, Portland, argued the cause for respondents. With him on the brief was Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

The sole issue in this workers' compensation case is whether claimant's stress-related mental disorder is a compensable occupational disease. The Workers' Compensation Board affirmed the referee's finding that it is not compensable, and claimant seeks review. We review *de novo*, ORS 656.298, and reverse.

To establish the compensability of her stress-related disorder, claimant had to prove that stressful conditions objectively existed on the job at employer's workplace and that the employment conditions, when compared to non-employment exposure, were the major contributing cause of the disorder. *McGarrah v. SAIF*, 296 Or 145, 166, 675 P2d 159 (1983). Here, the undisputed testimony, including that of claimant's supervisor, is that the conditions at employer's workplace were stressful. The uncontradicted medical evidence is that claimant suffers from a stress-related mental disorder whose major, if not sole, contributing cause is the employment conditions. Applying the *McGarrah* standards, we hold that claimant's condition is compensable.[1]

Reversed and remanded with instructions to accept the claim.

---

[1] Because claimant has made no claim against her later employer and employer here has not sought to join the later employer in these proceedings, this employer cannot avoid responsibility for payment of compensation by showing that working conditions at the later employment contributed to claimant's disability. *Runft v. SAIF*, 303 Or 493, 495, 739 P2d 12 (1987).